IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01748–MSK–KMT

KEVIN THOMAS,

    Plaintiff,

v.

KEVIN O'CONNER, Current Director of the Denver Public Library,
TOM SCOTT, in his individual and official capacity,
PAM TOBIN, in her individual and official capacity, and
LETTY ICOLARI, in her individual and official capacity,

    Defendants.

---

# **ORDER**

---

This matter is before the court on "Plaintiff's Unopposed Motion to Amend the Case Caption and Name of Defendant." (Doc. No. 46, filed July 7, 2010.) In his Motion, Plaintiff seeks to amend the caption of the Second Amended Complaint (Doc. No. 23, filed Oct. 15, 2009) to reflect only the City and County of Denver as a Defendant. It appears as though this amendment is a necessary prerequisite to finalizing ongoing settlement negotiations.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

As a threshold matter the court notes that the deadline for joinder of parties and amendment of pleadings was by this court in the Scheduling Order for January 22, 2010. (Doc. No. 29, entered Nov. 11, 2009.) Therefore, Plaintiff's Motion is untimely. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (internal citations omitted). When considering the showing necessary to establish "undue" delay, "[t]his Circuit . . . focuses primarily on the reasons for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).

Here the court finds that Plaintiff sets forth an adequate explanation for his delay in seeking amendment. As a condition of the ongoing settlement negotiations, the parties have agreed that Plaintiff would name only the City and County of Denver as a defendant. Because the settlement negotiations are of relatively recent origin, the court does not find that Plaintiff's Motion was unduly delayed. Additionally, because Defendants do not oppose Plaintiff's

2

Motion, and have otherwise been on notice of Plaintiff's proposed amended claims for some time, albeit in a different forum, the court does not find that Defendants are prejudiced by Plaintiff's proposed amendments. *Orr v. City of Albuquerque,* 417 F.3d 1144, 1153 (a defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial).

The court further finds that because the changes in Plaintiffs' "Proposed Third Amended Complaint" are largely cosmetic, and because Defendants do not oppose Plaintiff's Motion, there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

THEREFORE, it is

ORDERED that "Plaintiff's Unopposed Motion to Amend the Case Caption and Name of Defendant." (Doc. No. 46) is GRANTED. Plaintiff shall file his Amended Complaint no later than July 16, 2010.

Dated this 14th day of July, 2010.

BY THE COURT:

_[signature]_

Kathleen M Tafoya
United States Magistrate Judge